# IN THE UNITES STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **DEPOSITORS INSURANCE COMPANY** § § § | |
| **PLAINTIFF** § § | |
| v. § | **CIVIL ACTION NO.** 3:23-cv-1879 |
| § | |
| **CUMIS INSURANCE SOCIETY, INC.** § **NEIGHBORHOOD CREDIT UNION,** § **PINNACLE PARK SHOPPING** § **CENTER, LP AND CAPITAL REAL** § **ESTATE VENTURES, INC.** § § | |
| **DEFENDANTS** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the plaintiff, Depositors Insurance Company ("Depositors"), and files this its original complaint for declaratory judgment against the defendants, CUMIS Insurance Society, Inc. ("CUMIS"), Neighborhood Credit Union ("NCU"), Pinnacle Park Shopping Center, LP ("Pinnacle") and Capital Real Estate Ventures, Inc. ("Capital") and would respectfully show unto this Honorable Court as follows:

### Parties and Service

1. Plaintiff, Depositors is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Des Moines, Iowa. Depositors is authorized to conduct insurance business in the State of Texas.

2. Defendant, CUMIS Insurance Society, Inc., is upon information and belief a corporation organized and existing under the laws of the State of Iowa with its principal place of

business in Wisconsin.  CUMIS is authorized to conduct insurance business in the State of Texas.  CUMIS and may be served with process by serving Amanda Garcia, its registered agent for service of process, at 330 N. Brand Blvd., Suite 700, Glendale, California, 91203, or wherever she may be located.

       3.      Defendant Neighborhood Credit Union is a financial cooperative doing business in the State of Texas and may be served with process by serving any officer of the Defendant located at its corporate office at 13649 Montfort Drive, Dallas, Texas 75240.  Defendant NCU is CUMIS' named insured and, as a practical matter, its interests will be impaired, impeded or affected by the judgment rendered herein.  As such, NCU is a party interested in the outcome of this litigation.

       4.      Defendant Pinnacle Park Shopping Center, LP, is a Texas limited partnership that is authorized to do business in the State of Texas.  Pinnacle may be served with process by serving Capitol Corporate Services, Inc., its registered agent for service of process, at 1501 S. Mopac Expressway, Suite 220, Austin, Texas, 78746, or wherever he may be located.  Defendant Pinnacle is Depositor's named insured and, as a practical matter, its interests will be impaired, impeded or affected by the judgment rendered herein.  As such, Pinnacle is a party interested in the outcome of this litigation.

       5.      Defendant Capital Real Estate Ventures, Inc., upon information and belief is a corporation organized and existing under the laws of the state of California, with its principal place of business also in California.  Capital may be served with process by serving Randy Rivera, its President at 815 J Streeet, San Diego, California 92101 or wherever he may be located.  Defendant Capital is an omnibus insured under the policy issued by Depositor to Pinnacle; therefore, as a practical matter, its interests will be impaired, impeded or affected by the judgment rendered herein. As such, Capital is a party interested in the outcome of this litigation.

6. Amara Voth, Individually and as the next friend of AM, a minor child; Maria Montes; Jose Montes; and each of Maria Montes, Jose Montes and Amara Voth on behalf of the Estate of Jose Montes, Jr. Deceased are the Plaintiffs in the Underlying Lawsuit and as such, as a practical matter, their interests will be impaired, impeded or affected by the judgment rendered herein.

    a. Amara Voth, Individually and as next friend of AM, a minor child and on behalf of the Estate of Jose Montes, Jr. may be served with process wherever she may be found.

    b. Maria Montes, individually and on behalf of the Estate of Jose Montes, Jr. may be served with process wherever she may be found.

    c. Jose Montes, individually and on behalf of the Estate of Jose Montes, Jr. may be served with process wherever he may be found.

## Jurisdiction and Venue

7. This Court has jurisdiction over this matter pursuant to 28 USC § 1332 because all parties are diverse as to citizenship and because the amount in controversy exceeds $75,000.00. Additionally, jurisdiction is predicated upon 28 USC § 2201 because Depositors is seeking declaratory relief pursuant to the statute.

8. Venue is proper in the Western District of Texas, Dallas Division pursuant to 28 USC § 1391(b)(1) because the underlying tort claims out of which this coverage dispute arises occurred in Dallas County and the underlying lawsuit pending as a result of those claims is in Dallas County, Texas.

## Statement of the Case and Summary

9. Depositors brings this request for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. Sections 2201 and 2202.

10. This declaratory judgment action is necessary to establish that CUMIS owes defense and indemnity to Pinnacle and Capital in the Underlying Lawsuit (more specifically described below) and that CUMIS' obligation is primary over any duties of defense or indemnity owed by Depositors.

11. Depositors insured Pinnacle and Capital under a businessowners liability policy and was presented with a request for defense from Pinnacle and Capital in the lawsuit filed by Amara Voth, Individually, and as the next friend of AM, a minor child ("Voth"), Maria Montes("M. Montes"); Jose Montes ("J. Montes") and each of Maria Montes, Jose Montes and Amara Voth, on Behalf of the Estate of Jose Montes, Jr., Deceased, pending under Cause Number DC-22-07886, in the 134th Judicial District Court of Dallas County, Texas (the "Underlying Lawsuit").

12. Depositors agreed to defend Pinnacle and Capital, subject to a reservation of rights.

13. Depositors tendered the defense of Pinnacle and Capital to CUMIS because Pinnacle and Capital are additional insureds under a liability insurance policy CUMIS issued to Neighborhood Credit Union ("NCU").

14. CUMIS agreed to defend Pinnacle, subject to a reservation of rights, but not Capital.

15. CUMIS contends that even though it is providing defense, it does not and cannot owe a duty of indemnity to Pinnacle or Capital under the facts upon which the claims in the Underlying Lawsuit are based.

16. Depositors contends and will show that not only does CUMIS owe defense and indemnity to Pinnacle and Capital, its obligation is primary to the duties owed by Depositors to those insureds with respect to the claims levied in the Underlying Lawsuit.

## Factual Background and the Underlying Claim and Lawsuit

17. The Underlying Lawsuit arises out of criminal conduct of an unknown assailant who shot and killed Jose Montes, Jr., an employee of Touchpoint 21, LLC while he was attempting to refill an ATM machine at NCU.

18. NCU was located in a shopping center owned by Pinnacle and managed by Capital. Depositors is currently defending Pinnacle, its named insured, and Capital subject to a reservation of rights under Policy Number ACP BRPD 7285623176. Capital qualifies as an insured under Depositor's policy as Pinnacle's real estate manager.

19. The Plaintiffs' First Amended Petition filed in the Underlying Lawsuit is attached hereto as Exhibit 1 and incorporated herein by reference as set forth verbatim.

20. Generally, in the Underlying Lawsuit, Plaintiffs contend that Pinnacle and Capital are liable under negligence theories by failing to provide security for the shopping center, despite alleged awareness of dangerous activities in the area, claims which Pinnacle and Capital deny.

21. The Underlying Lawsuit previously included similar claims against NCU, but NCU has resolved Plaintiffs' claims against it and is now a settling party in the Underlying Lawsuit.

22. On or about February 27, 2013, NCU entered into a Lease Agreement (the "Lease") with Pinnacle. The contract included indemnity and insurance requirements, including a requirement for NCU to add Pinnacle and its "real estate manager" to its businessowners policy as additional insureds.

## The Policies

23. Depositors issued a Premier Businessowners Policy to Pinnacle under Policy Number ACP BRPD 728562317, effective 4/28/20 to 4/28/21 that included business liability coverage (the "Depositors Policy"), subject to the limitations, exclusions and conditions stated

therein.

24. CUMIS issued a Property and Business Liability Policy to NCU under Policy number 301417 (the "CUMIS Policy"), which was in effect on the date of the incident upon which the Underlying Lawsuit is based.

25. The CUMIS Policy includes an additional insured listing the additional insured as follows:

> Name of Person or Organization (Additional Insured):
> Pinnacle Park Shopping Center, LP c/o Capital Real Estate Ventures
> 815 J St Ste 202
> San Diego CA 92101 7109

26. The additional insured endorsement in the CUMIS policy obligates CUMIS to defend and indemnify Pinnacle and Capital against any lawsuit "with respect to 'bodily injury' … arising out of the ownership, maintenance or use of that part of the premises designated on [the] endorsement, leased to [NCU]," subject to additional exclusions none of which are applicable to the Underlying Lawsuit.

27. The claims in the Underlying Lawsuit are undisputedly based upon the shooting death of Jose Montes, Jr. which occurred when he was approached by an unknown assailant while he was in the process of servicing NCU's ATM machine; therefore, the Plaintiffs' claims in the Underlying Lawsuit arose out of the premises leased to NCU.

## Causes Of Action: Declaratory Relief and Breach of Contract

28. Depositors contends and will show CUMIS owes duties of defense and indemnity in the Underlying Lawsuit to Pinnacle and Capital as additional insureds under the CUMIS Policy.

29. CUMIS' refusal to acknowledge its indemnity obligation under the facts is a breach of its contract and duties to both Pinnalce and Capital.

30. Depositors asserts and will show that it does not owe a duty of defense or indemnity to Pinnacle in connection with the Underlying Lawsuit because the CUMIS Policy is primary as to the Depositor's Policy, which has become excess as to Pinnacle and Capital by virtue of their status as additional insureds under the CUMIS Policy.

### Relief Sought

31. Depositors seeks a declaration from this Court that CUMIS owes a duty of defense to Pinnacle in the Underlying Lawsuit;

32. Depositors seeks a declaration from this Court that CUMIS owes a duty of indemnity to Pinnacle in the Underlying Lawsuit;

33. Depositors seeks a declaration from this Court that CUMIS owes a duty of defense to Capital in the Underlying Lawsuit;

34. Depositors seeks a declaration from this Court that CUMIS owes a duty of indemnity to Capital in the Underlying Lawsuit;

35. Depositors seeks a declaration from this Court that the CUMIS Policy is primary and that the Depositors Policy is excess as to the duties of defense and indemnity as to Pinnacle in the Underlying Lawsuit;

36. Depositors seeks a declaration from this Court that the CUMIS Policy is primary and that the Depositors Policy is excess as to the duties of defense and indemnity as to Capital in the Underlying Lawsuit;

37. Depositors is entitled to recover its reasonable and necessary attorney's fees in prosecuting this declaratory judgment action. Depositors retained the law firm of Farmer, House, Osuna and Olvera to represent it in this action, and has agreed to pay the firm reasonable and necessary attorney's fees. Award of these fees would be equitable and just and are authorized by

statute.

## Prayer

38. Depositors prays that upon final consideration of this matter that this Court enter the declarations set forth above, and further prays for recovery of all costs and expenses, including attorneys' fees, incurred in the prosecution of this declaratory action, and all other relief Depositors may show itself justly entitled, at law or in equity.

DATED:  August 22, 2023

Respectfully submitted,

/s/ *Wm. David Farmer*

**Wm. David Farmer**
State Bar No. 06826470
Email: wdfarmer@satx.law
FARMER, HOUSE, OSUNA & OLVERA
411 Heimer Road
San Antonio, Texas  78232-4854
Telephone No. (210) 377-1990
Facsimile No. (210) 377-1065

*Attorneys for Plaintiff, Depositors Insurance Company*

# EXHIBIT 1

NO. DC-22-07886

| | | |
|---|---|---|
| **AMARA VOTH, INDIVIDUALLY, AND** § | | **IN THE DISTRICT COURT** |
| **AS THE NEXT FRIEND OF** § | | |
| **AM, A MINOR CHILD;** § | | |
| **MARIA MONTES; JOSE MONTES;** § | | |
| **AND EACH, OF MARIA MONTES,** § | | |
| **JOSE MONTES AND AMARA VOTH,** § | | |
| **ON BEHALF OF THE ESTATE OF** § | | |
| **JOSE MONTES, JR., DECEASED** § | | |
| § | | |
| **Plaintiffs,** § | | |
| § | | |
| vs. § | | **134ᵗʰ JUDICIAL DISTRICT** |
| § | | |
| **PINNACLE PARK SHOPPING** § | | |
| **CENTER, LP; PINNACLE PARK** § | | |
| **SHOPPING CENTER GP, LLC;** § | | |
| **CAPITAL REAL ESTATE** § | | |
| **VENTURES, INC.;** § | | |
| **NEIGHBORHOOD CREDIT UNION;** § | | |
| **AND TPBKCF, LLC** § | | |
| **F/K/A TOUCHPOINT 21, LLC** § | | |
| § | | |
| **Defendants.** § | | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, **AMARA VOTH, INDIVIDUALLY, AND AS THE NEXT FRIEND OF AM, A MINOR CHILD** ("Voth"); **MARIA MONTES** ("M. Montes"); **JOSE MONTES** ("J. Montes"); **AND EACH OF MARIA MONTES, JOSE MONTES AND AMARA VOTH, ON BEHALF OF THE ESTATE OF JOSE MONTES, JR., DECEASED** (collectively referred to herein as the "Plaintiffs") complaining of Defendants, **PINNACLE PARK SHOPPING CENTER, LP**, a Texas limited partnership ("Pinnacle"); **PINNACLE PARK SHOPPING CENTER GP INC.**, a Texas corporation ("Pinnacle GP"); **CAPITAL REAL ESTATE VENTURES, INC.**, a California corporation ("Capital"); **NEIGHBORHOOD CREDIT UNION** ("NCU"); and **TPBKCF, LLC F/K/A TOUCHPOINT 21, LLC**, a Texas limited liability company ("TouchPoint") (Pinnacle, Pinnacle GP, Capital, NCU, and TouchPoint are sometimes collectively referred to herein as the "Defendants"; and Pinnacle, Pinnacle GP, Capital and NCU are sometimes collectively referred to herein as the "Premises Defendants"), and for cause of action, would respectfully show as follows:

PLAINTIFF'S FIRST AMENDED PETITION – Page 1

**I.**

1.01.	Pursuant to TEXAS RULES OF CIVIL PROCEDURE 190.1, Plaintiffs intend to conduct discovery in this case under Level 2 as prescribed by TEXAS RULES OF CIVIL PROCEDURE 190.3. At this time, the full extent of Plaintiffs' damages are not known. At the time of filing this lawsuit, Plaintiffs seek monetary damages in excess of $1,000,000.00, in accordance with TEXAS RULES OF CIVIL PROCEDURE 47(c). Plaintiffs reserve the right to amend this petition, including this provision, as the case continues.

**II.**

2.01.	This Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of this Court and the Defendants are Texas residents and/or are doing business in the State of Texas.

2.02.	Venue is appropriate in Dallas County, Texas, pursuant to the Texas Civil Practices and Remedies Code, because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Dallas County, Texas.

**III.**

3.01.	Plaintiff Voth is an individual residing in Texas. Plaintiff Voth files suit herein individually and as next friend of AM, a minor child and the child of Jose Montes, Jr. ("<u>Decedent</u>"), and on behalf of the estate of Decedent, for the wrongful death of Jose Montes, Jr.

3.02.	Plaintiff M. Montes is an individual residing in Texas and the mother of Jose Montes, Jr. Plaintiff M. Montes files suit herein individually and on behalf of the estate of Decedent.

3.03.	Plaintiff J. Montes is an individual residing in Texas. Plaintiff J. Montes files suit herein individually and on behalf of the estate of Decedent.

3.04. Defendant Pinnacle Park Shopping Center, LP is a Texas limited partnership that is authorized to do business in the State of Texas and, having fully answered, may be served with this Plaintiff's First Amended Petition pursuant to Texas Rules of Civil Procedure 21.

3.05. Defendant Pinnacle Park Shopping Center GP, Inc. is a Texas corporation. Pinnacle GP is the general partner of Pinnacle. It is authorized to do business in the State of Texas and, having fully answered, may be served with this Plaintiff's First Amended Petition pursuant to Texas Rules of Civil Procedure 21.

3.06. Defendant Neighborhood Credit Union is a financial cooperative doing business in the State of Texas and, having fully answered, may be served with this Plaintiff's First Amended Petition pursuant to Texas Rules of Civil Procedure 21.

3.07. Defendant Capital Real Estate Ventures Inc. is a California corporation, is transacting (and/or has transacted) business in the State of Texas without being qualified to do so and without appointing a registered agent for service of process, and has committed torts in the State of Texas as set forth hereinbelow. Having fully answered, Defendant Capital Real Estate Ventures, Inc. may be served with the Plaintiff's First Amended Petition pursuant to Texas Rules of Civil Procedure 21.

3.08. Defendant TPBKCF, LLC F/K/A TOUCHPOINT 21, LLC is a Texas limited liability company that is authorized to do business in the State of Texas and may be served with process by and through its registered agent, Brett Koedam, located at 6120 Aldwick Drive, Garland, Texas 75043, or wherever he may be found within the State of Texas.

**IV.**

4.01.  Decedent was employed by Touchpoint 21, LLC ("Touchpoint") on September 14, 2020, when he and his fellow employee, Clayton Jones, were attempting to refill an ATM machine for NCU at its Oak Cliff local branch located at 1515 in Cockrell Hill Rd., Suite 212, Dallas Texas 75211 (the "Premises"). While performing this act at the direction of Touchpoint and within the course and scope of his employment with it, Decedent was shot and killed by an unknown assailant during an armed robbery. Upon information and belief, NCU was the tenant at the Premises at such time and Pinnacle was the owner of the property in which the Premises is located. Further, upon information and belief, Capital was the property manager for the Premises.  Pinnacle GP is the general partner of Pinnacle and as a matter of law is liable for all acts and omissions of Pinnacle.

4.02.  Touchpoint had previously refilled the ATM machine located at the Premises at a time that NCU was open for business in person and had on-site security, but on September 14, 2020, the NCU lobby was no longer open for business in person and there was no on-site security for the ATM which was located outside the former bank lobby.  Both TouchPoint and Pinnacle were aware of the fact that NCU was not open for business in person and had no security for the Premises and no security cameras in the parking lot in which the ATM was located, making it unreasonably dangerous and susceptible to dangerous activities, including the armed robbery referenced hereinabove.  Premises Defendants knew, or should have known, of multiple incidents of violent, criminal activity having occurred in close proximity to the Premises prior to September 14, 2020.

4.03. During the entirety of Decedent's employment, continuing to his death, TouchPoint, in a grossly negligent manner, failed to maintain and enforce reasonable and customary security procedures for its employees refilling ATM machines, including Decedent;

failed to routinely train employees regarding reasonable and customary security procedures and protocols, including Decedent; failed to maintain competent managerial staff for organizing and directing routes and enforcing security procedures; organized and directed routes in a manner that significantly increased the likelihood of harm to its employees, including Decedent; and failed to ensure equipment was properly maintained and working.

4.04.   At all times, the Premises were under the control of and operated by the Premises Defendants.

4.05.   The condition of the Premises and the negligent acts and omissions of Premises Defendants caused the Premises to be unreasonably dangerous, hazardous, and unsafe. The unreasonably dangerous condition of the Premises creating a risk to Decedent was unknown to Decedent but was known or should have been known to Premises Defendants and their respective employees, but no warning of the risk or danger was provided to Decedent. Premises Defendants failed to conduct a reasonable, proper, and complete inspection of the Premises prior to the incident by qualified personnel which would have disclosed the dangerous condition so that it could have been remedied and made safe. Further, Premises Defendants failed to maintain adequate security for the Premises. All of these acts and/or omissions, individually and in combination with each other, constitute negligence.

4.06.   The acts and omissions of TouchPoint alleged above involved an extreme degree of risk to Decedent and others considering the probability and magnitude of potential harm and, after being in business since 2012, TouchPoint was aware of the risk involved but nevertheless proceeded in conscious indifference to the rights, safety, and welfare of Decedent and others. TouchPoint's acts and omissions, individually and in combination with each other, constitute gross negligence under Texas law.

4.07. At the time Decedent was killed, his spouse was Voth and he had one (1) minor child, AM ("AM"). Decedent was survived by his parents, J. Montes and M. Montes. Decedent survived the shooting for a period of time, later being pronounced dead at the hospital.

4.08. As a direct and proximate result of the aforesaid negligence of the Premises Defendants and the gross negligence of TouchPoint, Plaintiffs have been damaged. Decedent survived the shooting briefly, and incurred medical and other expenses prior to his death, as well as funeral expenses, as a result of the negligence of the Premises Defendants and the gross negligence of TouchPoint. Decedent sustained pain, suffering, and mental anguish prior to his death as a result of the aforesaid negligence and gross negligence. As a direct and proximate result of the negligence of Premises Defendants and the gross negligence of TouchPoint, as described above, Plaintiffs suffered emotional distress and mental anguish. In addition, there was substantial impairment of the marital and parental relationship between Decedent and the other Plaintiffs. AM, Voth, M. Montes, and J. Montes have sustained a serious loss of consortium through the loss of the affection, solace, comfort, companionship, society, assistance, and sexual relationship (as to Voth) that they previously received from Decedent, all to their damage as a result of Premises Defendants' negligence and the gross negligence of TouchPoint. Finally, as a direct and proximate result of the negligence of Premises Defendants and the gross negligence of TouchPoint, as described above, Voth and AM suffered the loss of Decedent's earning capacity, advice, counsel, services, care, maintenance, and support.

4.09. The acts and omissions of the Premises Defendants also constitute gross negligence, for which exemplary damages should be imposed against the Premises Defendants and exemplary damages should likewise be imposed against TouchPoint as a result of its gross negligence.

WHEREFORE, PREMISES CONSIDERED Plaintiffs request that Defendants be cited to appear and answer herein, and that upon final trial or other disposition, Plaintiffs have the following:

1. judgment against Defendants for actual and exemplary damages within the jurisdictional limits of the Court;

2. prejudgment and post-judgment interest at the highest lawful rate;

3. reasonable and necessary attorneys' fees incurred in the prosecution of this suit;

4. all costs of Court, and

5. such other relief to which Plaintiffs shall show themselves justly entitled.

Respectfully submitted,

**THE PERRIN LAW FIRM**

By: */s/ Doug Perrin*
DOUG PERRIN
State Bar No. 15796520
J. MARK PERRIN
State Bar No. 24013313
400 S. Zang Blvd., Suite 1025
Dallas, Texas 75208
Telephone:   (214) 646-2004
Facsimile:    (214) 646-6117
Email:          dougperrin@perrinlaw.org
                    markperrin@perrinlaw.org

**SEWELL & SEWELL, PC**

BY: */s/ Paul C. Sewell*
PAUL C. SEWELL
State Bar No. 00797412
2650 Commerce Drive
Kaufman, Texas 75142
TEL:   (214) 793-2628
Email:   psewell@sewellattorneys.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

  This is to certify that on this the 12th day of January, 2023, a true and correct copy of the above document has been forwarded to all known counsel of record.

              */s/ Paul C. Sewell*
              Paul C. Sewell